UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-02456-NGG-VVP |
| | ) |
| ARCHIE J. PUGH, JR., and | ) ORDER OF DEFAULT JUDGMENT |
| THEODORE PUGH, each | ) OF PERMANENT INJUNCTION |
| individually and d/b/a ARCHIE'S TAX | ) |
| & ACCOUNTING SERVICE, | ) |
| | ) |
| Defendants. | ) |

This matter come before the Court on plaintiff's motion for Default Judgement of Permanent Injunction. Defendants Archie J. Pugh, Jr., and Theodore Pugh were properly served and have failed to appear in this matter. Entry of Default was made against them on August 27, 2007. (Docket No. 6). Having reviewed the record in this case, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction against Archie J. Pugh, Jr., and Theodore Pugh.

## FINDINGS OF FACT

Defendants Archie J. Pugh, Jr., and Theodore Pugh are marketing the so-called "Claim of Right" tax-evasion scheme. Accordingly to the complaint, the Pughs falsely claim that all compensation or earnings are deemed nontaxable. Moreover, defendants also prepare income tax returns for customers based on the fraudulent Claim of Right program. Defendants market the Claim of Right program to customers of Archie's Tax and Accounting Service. The Pughs charge customers $250 to have the Claim of Right tax returns prepared.

As part of the scheme, defendants falsely tell their customers that they have a common-

law and constitutional right (under the Fourteenth Amendment to the United States Constitution) to exclude from taxation all compensation for personal services or labor rendered. Defendants falsely state that I.R.C. § 1341 codifies this so-called common-law or constitutional right and entitles their customers to take a deduction in the amount of compensation earned, which in most cases eliminates a participant's tax liability. Defendants state that this can be done by claiming an itemized deduction to offset wages reported on W-2 forms, or by taking a Schedule C deduction to offset any net income from self-employment.

As part of their marketing ploy, defendants make numerous false or fraudulent statements in support of their abusive program, including:

- Compensation earned is immune from taxation.
- Money earned in exchange for personal labor or services does not constitute taxable income and may be deducted.
- Income earned for labor is a not for profit activity and thus deductible on tax returns.
- Their "claim of right" claim is a "mandatory deduction allowed by United States law."

Defendants' claims regarding the tax benefits associated with their Claim of Right program are false. In addition, the tax returns defendants have prepared based on the Claim of Right tax-evasion scheme are fraudulent, and understate their customers' income based on this false, discredited concept.

Moreover, defendants know or have reason to know that the tax-fraud scheme they promote is unlawful and that their statements to customers about the scheme's tax benefits are false. Indeed, other federal courts have permanently enjoined other persons from promoting similar Claim of Right tax-fraud schemes, such as *United States v. Lloyd*, 2005 U.S. Dist. LEXIS 32747 (M.D.N.C. 2005), *aff'd*, 2006 U.S. App. LEXIS 16254 (4th Cir. 2006). (Cmplt. ¶¶ 21-23.)

## CONCLUSIONS OF LAW

### A. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages, which is not an issue here because the United States is seeking injunctive, not monetary, relief.[1] Default judgment should not be different in kind than what is sought in the complaint.[2] Here, the United States seeks only the injunctive relief requested in the complaint.

### B. The United States' Substantive Claims Set Forth in its Complaint Satisfy the Standards for a Permanent Injunction Under IRC § 7407.

Section 7407 authorizes the Court to enjoin a federal-tax-return preparer from engaging in conduct subject to penalty under I.R.C. §§ 6694 or 6695 if the Court finds that injunctive relief is appropriate.[3] Where a return preparer's conduct subjecting them to penalty under IRC §§ 6694 or 6695 has been continual or repeated, the Court may enjoin them from preparing any federal returns if the Court finds that a more narrow injunction prohibiting only specific misconduct would be insufficient to prevent further interference with the administration of the internal revenue laws.[4] Because the Pughs are continually and repeatedly engaging in conduct

---

[1] *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990); *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 721-22 (8th Cir. 2004).

[2] Fed. R. Civ. P. 54(c).

[3] IRC § 7407(b).

[4] *Id.*

subject to penalty under both IRC §§ 6694 and 6695, the Court finds that a permanent injunction under IRC § 7407 is necessary to bar them from preparing federal tax returns.[5]

### 1. *Defendants Have Continually and Repeatedly Engaged in Conduct Subject to Penalty Under IRC § 6694.*

Section 6694 penalizes preparers on two grounds. First, under § 6694(a), a preparer is subject to penalty for negligently understating a customer's tax liability due to unrealistic positions. Second, under § 6694(b), a preparer is subject to penalty for any willful attempt to understate the tax liability of customer or any reckless or intentional disregard of rules or regulations.

#### a. *Negligently Understating a Customer's Tax Liability Due to Unrealistic Positions under IRC § 6694(a).*

A return preparer is subject to penalty under IRC § 6694(a) if (1) the preparer submits a return that contains an understatement of liability; (2) the understatement is based upon a position taken for which there was not a realistic possibility of being sustained. These elements are met. The Pughs have prepared numerous false Forms 1040, Forms 1041, and Schedules C in order to support false and fictitious claims for refund on behalf of customers. Moreover, they have advanced unrealistic positions deducting from income the amount paid to their customers' for wages — based on the frivolous "claim of right" scheme.[6]

---

[5] Because § 7408 expressly provides for an injunction, the traditional guidelines for equitable relief do not have to be established for an injunction to issue. *Id.*; *United States v. H & L Schwartz, Inc.*, 60 A.F.T.R.2d 87-6031, 87-6036 (C.D. Cal. 1987) ("Traditional equity grounds need not be proven in order for an injunction that is authorized by statute is issued.") The same is true for an injunction under § 7407. *United States v. Gray*, 2007 U.S. Dist. LEXIS 19833 (W.D. Mich., March 19, 2007).

[6] *United States v. Saladino*, 2005 U.S. Dist. LEXIS 38080 (C.D. Cal. 2005), *aff'd*, 2006 U.S. App. LEXIS 7881 (9th Cir. 2006) (discussing the frivolous nature of the "claim of right" program).

### b. *Willful Understatement of Tax Liability or Intentional or Reckless Disregard of Rules and Regulations under IRC § 6694(b).*

A return preparer is subject to penalty under Code § 6694(b) if any part of an understatement of a tax liability is due to (1) "a willful attempt in any manner to understate the liability for tax by a person who is an income tax return preparer with respect to such return or claim" or (2) "any reckless or intentional disregard of rules or regulations." In this case, defendants deduct wages from income under their frivolous Claim of Right program, thus subjecting them to penalty under § 6694(b).

### 2. *Defendants Have Continually and Repeatedly Engaged in Conduct Subject to Penalty Under IRC § 6695.*

IRC § 6695(b)-(c) penalizes a return preparer who fails to list his trade name or other identifying information, or sign returns. *See* IRC § 6695(b)-(c) & 6109(a)(4). Here, the Pughs prepared, but failed to sign their customers' income returns or identify themselves as the income tax return preparer. Their failure to do so subjects them to penalty under IRC § 6695(b)-(c).

### 3. *Defendants Have Repeatedly Engaged in Conduct Proscribed by IRC § 7407(b).*

Defendants have also engaged in conduct proscribed by IRC § 7407(b). The Pughs have engaged in conduct proscribed by Section 7407(b)(1)(D) by asserting the frivolous Claim-of-Right deductions on numerous returns for customers, and by failing to present completed copies of returns to customers before filing with the IRS.[7] Moreover, defendants' fraudulent and deceptive conduct has interfered with the internal revenue laws and the IRS conservatively estimates that they have cost the U.S. Treasury roughly $2.4 million.

---

[7] *United States v. Venie*, 691 F. Supp. 834, 838 (M.D. Pa. 1988) (held that the fraudulent overstatement of child care expenses based on a frivolous position subjected defendant to punishment under § 7407(b)(1)(D)); *See also, United States v. Franchi*, 756 F. Supp. 889, 893 (W.D. Pa. 1991) (same).

### 4. *Defendants Are Barred from Preparing Federal Tax Returns.*

Since a narrow injunction would not prevent the Pugh's conduct, they should be barred from preparing returns altogether.[8] Defendants entire return preparation business is focused on preparing fraudulent returns that interfere with the administration of the internal revenue laws. Moreover, the Pugh's fraudulent returns limited to misuse of a single IRS form, or a single factual misrepresentation. Rather, the Pugh's have falsified Forms 1040, Forms 1041A, and Schedules C. For these reasons, the Court enjoins them from preparing all federal tax returns.

### C. The United States is Entitled to Injunctive Relief under IRC § 7408

An injunction under IRC § 7408 is warranted to enjoin a person from further engaging in conduct subject to penalty under IRC §§ 6700 or 6701. The facts in this case establish that defendants engaged in such conduct and that injunctive relief is appropriate to prevent recurrence of that conduct.

### 1. *Defendants Engaged in Conduct Subject to Penalty under IRC § 6700*

Section 7408 authorizes a court to enjoin persons who have engaged in any conduct subject to penalty under § 6700 if the Court finds that injunctive relief is appropriate to prevent the recurrence of such conduct. Under § 6700, any plan or arrangement "having some connection to taxes can serve as a 'tax shelter' and will be an 'abusive' tax shelter if the defendant makes the requisite false or fraudulent statements concerning the tax benefits of participation."[9] To establish a violation of § 6700 warranting an injunction under § 7408, the

---

[8] *United States v. Gray*, 2007 U.S. Dist. LEXIS 19833 (W.D. Mich. March 19, 2007) (enjoining tax preparer from preparing any tax returns because he had continuously falsified numerous IRS forms and persisted in maintaining an unrealistic position.)

[9] *United States v. Raymond*, 228 F.3d 804, 811 (7th Cir. 2000).

United States must show that:

> (1) the defendant organized or sold, or participated in the organization or sale of, an entity, plan, or arrangement; (2) he made or caused to be made, false or fraudulent statements concerning the tax benefits to be derived from the entity, plan, or arrangement; (3) he knew or had reason to know that the statements were false or fraudulent; (4) the false or fraudulent statements pertained to a material matter; and (5) an injunction is necessary to prevent recurrence of this conduct.[10]

This Court has the authority to grant the requested injunction if the Government establishes that defendant engaged in conduct subject to penalty under § 6700 and injunctive relief is appropriate to prevent the recurrence of such conduct. The record submitted with this motion makes that showing.

### a.   *Defendant organized and sold a plan or arrangement.*

There is no question that defendants organized and sold a plan or arrangement. The Claim of Right program is organized and marketed by the defendants through word-of mouth, and defendants assist customers in preparing false income tax returns based on the scheme. Moreover, defendants charge for participation in the program. Thus, defendants organized and marketed the Claim of Right program within the meaning of IRC § 6700.[11]

### b.   *Defendant made false or fraudulent statements regarding the tax benefits associated with their "claim of right" program.*

Defendants also misrepresent the tax benefits of the Claim of Right program. The Pughs falsely states that participants have a right to exclude compensation for personal services or labor from taxation. They maintain that participants are entitled to a "Claim of Right" deduction on

---

[10] *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000); *see also Abdo v. United States Internal Revenue Service*, 234 F. Supp.2d 553, 561 (M.D.N.C. 2002).

[11] *United States v. Schulz*, 2007 WL 2286410, at *3 (N.D. N.Y. 2007) (discussing selling and organizing a "tax shelter" within the meaning of IRC § 6700.)

their federal income tax returns in the amount of compensation earned on their labor, and that the deduction is based on IRC §§ 183, 212 or 1341.

The Pugh's purported reliance on §1341 is groundless.[12] IRC § 1341 applies only to those situations where a taxpayer properly reports income in one year and later repays all or a portion of it in a later year because the taxpayer, in fact, did not have an unrestricted right to that income. The section allows the taxpayer to take a deduction in the later year for the amount repaid. (It is not a mechanism for amending the previous year's return.) *See Wicor, Inc. v. United States*, 263 F.3d 659, 661 (7th Cir. 2001); Rev. Rul. 2004-29, 2004-12 I.R.B. 627. It does not apply unless it is "established after the close of [the] prior taxable year (or years) that the taxpayer did not have an unrestricted right to such [income]." IRC § 1341(a)(2). There is simply no "Claim of Right" doctrine under that IRC section or any other statute that allows an individual to take the position espoused by the Pughs that neither the individual nor the individual's income is subject to federal income taxes.

Furthermore, IRC § 1341 requires a taxpayer to return the funds that he previously reported as taxable income before he can claim a deduction. *See Chernin v. United States*, 149 F.3d 805, 815-16 (8th Cir. 1998); Treas. Reg. 1-1341-1(a). The Pugh's are certainly not telling customers that they have to return their earned income to their employers in order to participate in the tax scheme. IRC § 1341 has no application to the defendant's frivolous Claim of Right program.

The Pughs also rely on IRC §§ 183 and 212 for their Claim of Right program. The

---

[12] *United States v. Saladino*, 2005 U.S. Dist. LEXIS 38080 (C.D. Cal. 2005), *aff'd*, 2006 U.S. App. LEXIS 7881 (9th Cir. 2006) (discussing the frivolous nature of the "claim of right" program); *United States v. Lloyd*, 2005 U.S. Dist. LEXIS 32747 (M.D.N.C. 2005), *aff'd*, 2006 U.S. App. LEXIS 16254 (4th Cir. 2006) (same).

purported reliance on §§ 183 and 212 is equally groundless. IRC § 183 prohibits an individual taxpayer from deducting expenses attributable to an activity that is not engaged in for profit. "Activity not engaged in for profit" includes all activities other than those with respect to which deductions are allowable, *inter alia*, under § 212 as expenses incurred in the production of income or for management, conservation or maintenance of property held for production of income. IRC § 183(a). Earnings from employment cannot qualify as expenses incurred in the "production or collection" of that same income. Neither § 183 nor § 212, nor any combination thereof, stands for the proposition that income or compensation for services rendered is deductible.

In simple terms, the Claim of Right program is a rehash of the oft-rejected anti-tax argument that wages and other compensation for services rendered are not subject to income tax. For federal income tax purposes, "gross income" means all income from whatever source derived and includes compensation for services. *See* IRC § 61. Any income, from whatever source, is presumed to be income under § 61, unless the taxpayer can prove that it is specifically exempt or excluded. *Reese v. United States*, 24 F.3d 228, 230 (Fed. Cir. 1994). If a taxpayer is not able to sustain the burden that his income is excluded, then that amount must be included as income. All compensation for personal services, no matter what the form of payment, must be included in gross taxable income. This includes salary or wages paid in cash, as well as the value of property and other economic benefits received because of services performed, or to be performed in the future. *Commissioner v. Kowalski*, 434 U.S. 77 (1977); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955) (income not limited to gains or profits); *Ledford v. Commissioner*, 297 F.3d 1378, 1381 (Fed. Cir. 2002); *United States v. Connor*, 898 F.2d 942, 943-44 (3d Cir.) ("Every court which has ever considered the issue has unequivocally rejected

the argument that wages are not income."), *cert. denied,* 497 U.S. 1029 (1990); *United States v. Sassak,* 881 F.2d 276, 281 (6th Cir. 1989); *Casper v. Commissioner,* 805 F.2d 902 (10th Cir. 1986); *Coleman v, United States,* 791 F. 2d 68 (7th Cir. 1986) (all individuals must pay income tax on their wages); *Stelly v. Commissioner,* 761 F.2d 1113, 1115 (5th Cir. 1985) (finding argument that taxing wages and salary is unconstitutional, because compensation for labor is an even exchange, obviously frivolous); *Connor v. Commissioner,* 770 F.2d. 17, 20 (2d Cir. 1985); *United States v. Romero,* 640 F.2d. 1014 (9th Cir. 1981). *See also Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir. 1990); *Biermann v. Commissioner,* 769 F.2d 707 (11th Cir. 1985).

Finally, defendants blatantly and falsely claim that the Claim of Right program is in compliance with the Internal Revenue Code. As stated above, the Claim of Right program is annually reported on the IRS's consumer alert of tax scams that taxpayers are urged to avoid.

### c. *Defendant knew or had reason to know that their tax statements were false or fraudulent.*

Defendants knew or had reason to know that their statements regarding the tax consequences of purchasing the tax programs were false or fraudulent. The United States is not required to establish that the defendants acted with subjective bad faith, *i.e.*, to show that defendants actually knew, at the time they sold the program, that they were espousing false and fraudulent statements. Rather, it is sufficient (for the purpose of establishing a violation of § 6700) for the Government to show that, as a result of the courts' uniform rejection of the same or similar statements, the defendant should have known that their representations regarding the tax benefits of their program were false or fraudulent.[13] *White,* 769 F.2d at 515 (person knew or had

---

[13] If it is clear beyond any doubt that a scheme is illegal under established principles of tax law, then the participants have fair notice of its illegality even if no court has so ruled. *See United States v. Ingredient Technology Corp.*, 698 F.2d 88 (2d Cir. 1983).

reason to know of false or fraudulent statements because such statements had been consistently rejected by courts); *Buttorff*, 761 F.2d at 1062.

The "knew or had reason to know" standard includes "what a reasonable person in the [defendant's] . . . subjective position would have discovered." *Estate Pres. Servs.*, 202 F.3d at 1103. As shown above, the law is well settled that the tax statements made by defendants are false or fraudulent. "[T]he average citizen knows that the payment of income taxes is legally required." *Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990). The Pughs prepare income tax returns for others, and are, thus, charged with a minimal understanding of the tax laws. A modicum of research would have revealed to them that the Claim of Right program simply rehashes discredited positions espoused by tax protesters.

### *d.     Defendant's false or fraudulent statements were material.*

In proving materiality, the Government need not demonstrate that a purchaser has relied on the promoter's misrepresentations. Rather, "[m]aterial matters are those which would have a substantial impact on the decision-making process of a reasonably prudent investor and includes matters relevant to the availability of a tax benefit." *United States v. Campbell*, 897 F.2d 1317, 1320 (5th Cir. 1990) (citing *Buttorff*, and S. Rep. No. 97-494, at 267 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 1015). The false representations contained in the defendant's promotion are "material" because, as explained in *White*, 769 F.2d at 515, "[t]he taxpayers who have been or are now being audited by the IRS or are involved in litigation because they relied upon [the promoters' representations] should certainly have been informed about their complete lack of merit." The representations made by defendants concerning the Claim of Right program undoubtedly affect the decision making process of a purchaser of the program. Statements pertaining to the "availability of tax deductions, credits, or to other mechanisms for reducing tax

-11-

liability . . . clearly qualify as 'material'" under § 6700. *United States v. Estate Pres. Servs.*, 38 F. Supp.2d 846, 855 (E.D. Cal. 1998), *aff'd* 202 F.3d 1093 (9th Cir. 2000). In that the primary purpose of defendants' programs is tax avoidance, the tax statements made in the promotion of the programs are certainly material.[14]

### e. *An injunction is appropriate and necessary to prevent future violations of IRC § 6700.*

The need for injunctive relief in order to prevent future violations of IRC § 6700 in the present case is readily apparent. Through their marketing techniques, defendants are canvassing this district encouraging persons to put into practice discredited theories of federal tax laws. Their customers have been harmed by the abusive promotions because the customers have paid defendant significant sums to prepare tax returns that understate their income tax liabilities. The United States is harmed because defendants' customers are not paying the correct amount of taxes to the United States Treasury. Moreover, given the IRS's limited resources, identifying and recovering all revenues lost from the Pugh's abusive schemes may be impossible, resulting in a permanent loss to the Treasury. The public is harmed because the IRS is forced to devote some of its limited resources to identifying and attempting to recover revenue lost as a result of the defendants' programs, thereby reducing the level of service that the IRS can give to other taxpayers.

The extent of the defendants' participation in the abusive programs is broad. Defendants are attempting to wrench tax statutes out of context to encourage a willful misreading of the law. The conduct is recurrent and defendants have never renounced the promised tax aspects of the program. As income tax return preparers, defendants promote themselves as knowledgeable

---

[14] *United States v. Schulz*, 2007 WL 2286410, at *7 (N.D. N.Y. 2007).

about the Claim of Right program. Absent an injunction there is no indication that defendants will cease engaging in violations of the tax code. Defendants' conduct in promoting their abusive tax program thus warrants an injunction under IRC § 7408.

### 2. *Defendants Engaged in Conduct Subject to Penalty under IRC § 6701*

IRC § 6701 imposes a penalty on any person who aids in or advises with respect to the preparation of any portion of a tax return, claim for refund or other document that the person knows, if used, would result in an understatement of tax liability. As part of the Claim of Right program, defendants advise customers to take improper deductions and prepares or assists in filing false or fraudulent income tax returns. Defendants have knowledge that their advice and those documents would be used to understate their customers' correct tax liabilities. As such, defendants' conduct is subject to penalty under § 6701, and therefore further grounds exist for an injunction under IRC § 7408.

### D. An Injunction Should Issue Based Upon IRC § 7402 to Prevent Defendants from Engaging in Activities that Interfere with the Enforcement of the Internal Revenue Laws.

This Court is authorized by IRC § 7402 to issue an injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." That statute manifests "a Congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws,"[15] and "has been used to enjoin interference with tax enforcement even when such interference does not violate any particular tax statute."[16] The

---

[15] *Body v. United States*, 243 F.2d 378, 384 (1st Cir. 1957). *See United States v. First Nat'l City Bank*, 568 F.2d 853 (2nd Cir. 1977).

[16] *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984). *See United States v. Kaun*, 633 F. Supp. 406, 409 (E.D. Wis. 1986) ("federal courts have routinely relied on [§ 7402(a)] . . . to preclude individuals . . . from disseminating their rather perverse notions

-13-

legislative history accompanying § 7408 explicitly states that "the court will continue to have full authority under [§ 7402] and will continue to possess the great latitude inherent in equity jurisdiction to fashion appropriate relief."[17] "Courts interpreting this section have concluded that the traditional equitable injunction factors should be considered in determining the propriety of a preliminary injunction."[18] Those factors are: (1) the likelihood that the plaintiff will sustain irreparable injury as a result of the defendant's conduct; (2) the likelihood of harm to the defendant if an injunction is entered; (3) the likelihood the plaintiff will ultimately prevail on the merits; and (4) the public interest.

Here, injunctive relief under § 7402 is appropriate to prevent defendants from continuing to interfere with tax enforcement. Defendants' false tax advice to customers and their abusive program interferes with the enforcement of the internal revenue laws by delaying examination and collection and by discouraging their customers from complying with the internal revenue laws. The defendants' activities undermine public confidence in the fairness of the federal tax system and incite violations of the internal revenue laws. The defendants' promotion causes the Government irreparable harm and the Government's remedies at law are inadequate.

Customers who follow defendants' advice file improper, inaccurate tax returns or do not pay their proper federal income taxes. In short, defendants' activities will cause irreparable

---

about compliance with the Internal Revenue laws or from promoting certain tax avoidance schemes"), *aff'd*, 827 F.2d 1144 (7th Cir. 1987).

[17] S. Rep. No. 97-494, 97th Cong., 2d Sess. at 266 (1982 U.S. Code Cong. & Ad. News 781, 1014).

[18] *Ernst & Whinney*, 735 F.2d at 1301; *United States v. Bell*, 238 F. Supp. 2d 696 (M.D. Pa. 2003), *aff'd*, 414 F.3d 474 (3rd Cir. 2005).

harm to the Government, the public, and their customers unless they are not enjoined.[19] The injunction causes no harm to defendants, on the other hand, because it only requires them to follow the law. Because defendants' tax-fraud scheme has been thoroughly discredited, the Government's likelihood of success is unquestionable. Injunctive relief under § 7402 is therefore necessary and appropriate to prevent defendants from continuing to disrupt the federal tax system.

## ORDER

Based on the foregoing finding of fact and for good cause shown the Court ORDERS

A. That pursuant to IRC §§ 7402, 7407 and 7408, Archie J. Pugh, Jr. And Theodore Pugh individually and doing business as Archie's Tax Service, and anyone acting in concert with them, is permanently enjoined from:

(1) Organizing, promoting, marketing, or selling any tax shelter, plan or arrangement that advises or incites customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

(2) Making false or fraudulent statements about the securing of any tax benefit by the reason of participating in any tax plan or arrangement, including the false statements that individuals can obtain tax freedom by participating in their program and that wages or compensation for labor constitutes nontaxable income;

(3) Encouraging, instructing, advising and assisting others to violate the tax laws, including to evade the payment of taxes;

(4) Engaging in conduct subject to penalty under 26 U.S.C. § 6694, including

---

[19]*United States v. Schulz*, 2007 WL 2286410, at *7 (N.D. N.Y. 2007).

preparing a return or claim for refund that includes an unrealistic or frivolous position;

(5) Engaging in conduct subject to penalty under 26 U.S.C. § 6695, including failing to sign income tax returns, or failing to furnish a customer list upon request of the Internal Revenue Service;

(6) Engaging in conduct subject to penalty under 26 U.S.C. § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of a shelter, plan, or arrangement, a statement the defendant knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws;

(7) Engaging in conduct subject to penalty under 26 U.S.C. § 6701, *i.e.*, preparing or assisting others in the preparation of any tax forms or other documents to be used in connection with any material matter arising under the internal revenue laws and which the defendant knows will (if so used) result in the understatement of tax liability;

(8) Acting as federal income tax return preparers, or providing any tax advice or services for compensation, including preparing or filing, or assisting in preparing or filing tax returns for any other person or entity, providing consultative services, or representing any persons or entities before the Internal Revenue Service in any manner, either directly or indirectly; and

(9) Engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

B. That pursuant to IRC § 7402, the Pughs are ORDERED to contact all persons and entities for whom they prepared any federal income tax returns or other tax-related documents

after January 1, 2000, and inform those persons of the entry of the Court's findings concerning the falsity of representations defendants made on their customers' tax returns, and that a permanent injunction has been entered against them within 30 days of service of this Order.

C. That pursuant to IRC § 7402, defendants are ORDERED to provide counsel for the United States a list of the names, addresses, e-mail addresses, phone numbers, and Social Security numbers of all individuals or entities for whom they prepared or helped to prepare any tax-related documents, including claims for refund or tax returns since January 1, 2000; and

D. That the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction.

Dated: November 12, 2007

/signed/
NICHOLAS G. GARAUFIS, JUDGE
UNITED STATES DISTRICT COURT