UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-02456-NGG-VVP |
| | ) |
| ARCHIE J. PUGH, JR., and | ) |
| THEODORE PUGH, each | ) |
| individually and d/b/a ARCHIE'S TAX | ) |
| & ACCOUNTING SERVICE, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF PRELIMINARY INJUNCTION

Upon motion of the plaintiff, the United States of America, the Court makes the following findings of fact and conclusions of law and enters this preliminary injunction.

### Standards for Preliminary Injunction

To obtain a preliminary injunction pursuant to Internal Revenue Code (26 U.S.C.) (I.R.C.) § 7407, the United states must show that (1) the defendants engaged in conduct subject to penalty under §§ 6694 or 6695, misrepresented their ability to practice before the IRS or their experience or education as a tax preparer, guaranteed tax refunds, or otherwise engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws, and (2) injunctive relief is appropriate to prevent recurrence of such conduct. If a defendant has repeatedly and continually engaged in conduct, and the Court believes that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of the Internal Revenue laws, the Court may enjoin the person from acting as an income tax return preparer. I.R.C. § 7407.

Similarly, to obtain a preliminary injunction pursuant to I.R.C. § 7408, the United States must show that (1) the defendants engaged in conduct subject to penalty under §§ 6700, 6701, 6707, or 6708, and (2) injunctive relief is appropriate to prevent recurrence of such conduct.

To obtain a preliminary injunction pursuant to I.R.C. § 7402, the United States must show (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor.

## Findings of Fact

Based on the evidence and the arguments of the parties, the Court finds as follows:

1. Defendant Archie J. Pugh, Jr is the sole proprietor of Archie's Tax and Accounting Services in Jamaica, New York. Defendants Archie Pugh and Theodore Pugh both prepare tax returns at that location, and charge customers for that preparation.

2. Defendants have repeatedly and continually engaged in conduct subject to penalty under IRC § 6694, understating their customers' income tax liabilities by negligently and willfully claiming frivolous deductions based upon the discredited "claim of right" doctrine, advancing the meritless position that an individual's wage earnings and compensation for services rendered are not subject to federal income taxation. This position has never had any realistic possibility of being sustained on the merits.

3. The Pughs have repeatedly and continually engaged in conduct subject to penalty under IRC § 6695(b), failing to sign many of the tax returns they prepared for customers as paid income tax return preparers.

4. The Pughs have engaged in conduct subject to penalty under IRC § 6700 by promoting a tax shelter, plan, or arrangement, and making statements pertaining to a material matter in connection with such shelter, plan, or arrangement, with respect to the allowability of deductions and the excludability of income which the defendants knew or had reason to know were false or fraudulent.

5. Absent this preliminary injunction, the Pughs are likely to continue to defraud the United States Treasury by intentionally understating their customers' income tax liabilities.

6. The Pughs' fraudulent efforts to conceal their involvement in the preparation of frivolous returns is sufficient evidence that a narrow injunction prohibiting only certain enjoinable activities is unlikely to prevent continued interference by the Pughs with the proper administration of the Internal Revenue laws.

7. If this injunction is not granted, the United States will suffer irreparable harm because the Pughs understate their customers' income tax liabilities and thus defraud the United States Treasury. Furthermore, considerable government resources will be consumed investigating and correcting the Pughs' understatements.

8. The Pughs will be only minimally harmed by entry of an injunction, as they do not have a right to make a livelihood through illegal conduct.

9. The United States has demonstrated a high likelihood of success on the merits, as many of the Pugh-prepared tax returns are fraudulent on their face.
10. The public will be served by this preliminary injunction. The preliminary injunction will prevent customers from having inaccurate returns filed in their name that might subject them to overdue tax, penalties and interest.

## Conclusions of Law

Based on the evidence presented by the United States, the Court finds that Archie J. Pugh, Jr. and Theodore Pugh have continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694, 6695, and 6700. Accordingly, the Court finds a preliminary injunction is appropriate under I.R.C. §§ 7407 and 7408. Furthermore, the Court finds that it is appropriate to bar the Pughs from acting as income tax preparers, as the character of their enjoinable conduct strongly suggests a more narrow injunction will be unsuccessful in preventing interference with the Internal Revenue laws.

The Court finds the United States has presented persuasive evidence that it, the public, and the Pughs' customers will suffer irreparable harm if the Pughs are not preliminarily enjoined. The United States has also presented sufficient evidence to convince the Court that the United States has a strong likelihood of success on the merits. Further, the United States has presented evidence that the public interest will be served by granting this preliminary injunction. While the Pughs will be denied the right to earn a livelihood preparing income tax returns, they have never enjoyed a right to profit from illegal conduct, and the harm to them is substantially outweighed by the harm to which their customers are subjected by having fraudulent tax returns

prepared in their name. The Court therefore finds a preliminary injunction is also appropriate under I.R.C. § 7402.

## ORDER

Based on the foregoing findings of fact and conclusions of law, the Court ORDERS that defendants Archie J. Pugh, Jr. and Theodore Pugh, individually and doing business as Archie's Tax and Accounting Services, and all those in concert with them, are enjoined from:

(a) organizing, promoting, marketing, or selling any tax shelter, plan or arrangement that advises or incites customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal income tax liabilities;

(b) making false or fraudulent statements about the securing of any tax benefit by participating in any tax plan or arrangement;

(c) encouraging, instructing, advising and assisting others to violate the tax laws, including to evade the payment of taxes;

(d) acting as federal income tax return preparers, or preparing or filing federal income tax returns for anyone other than themselves;

(e) assisting or advising anyone in connection with preparing or filing a federal income tax return;

(f) engaging in any other activity subject to penalty under IRC §§6694, 6695, 6700, or 6701; and

(g) engaging in any other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws and from promoting any false tax scheme.

Service of this order is directed to be made personally upon defendants Archie J. Pugh Jr. and Theodore Pugh

The United States may conduct discovery to monitor compliance with this Order.

SO ORDERED this 2nd day of April, 2008.

_____
United States District Judge

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing PROPOSED ORDER OF PRELIMINARY INJUNCTION has been made upon the following through regular United States mail this 8th day of February, 2008:

Theodore Pugh
136-17 Thurston Street
Jamaica, NY 11434-4035

Archie J. Pugh, Jr.
136-17 Thurston Street
Jamaica, NY 11434-4035

    /s/ Frederick N. Noyes
FREDERICK N. NOYES
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-3083
Facsimile: (202) 514-6770
Email: Frederick.N.Noyes@usdoj.gov