UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,

     -against-                          **ORDER OF PERMANENT
                                        INJUNCTION**

ARCHIE J. PUGH, JR. and THEODORE
PUGH, each individually and d/b/a/      07-cv-02456 (KAM)(VVP)
ARCHIE'S TAX & ACCOUNTING SERVICE,

                              Defendants.

-----------------------------------X

**MATSUMOTO**, United States District Judge:

          Based on the submissions of the parties and the

undisputed evidence in the record regarding the application of

plaintiff, the UNITED STATES OF AMERICA ("plaintiff" or the

"Government"), for a permanent injunction against the

defendants, ARCHIE J. PUGH, JR. and THEODORE PUGH, each

individually and d/b/a/ ARCHIE'S TAX & ACCOUNTING SERVICE

(collectively, the "Pughs" or "defendants"), pursuant to

§§ 7402(a), 7407, and 7408 of the Internal Revenue Code (26

U.S.C.) ("I.R.C."), the court sets forth herein its Findings of

Fact and Conclusions of Law as follows and enters this permanent

injunction against Archie J. Pugh, Jr. and Theodore Pugh,

1

individually and doing business as Archie's Tax and Accounting Service.[1]

## FINDINGS OF FACT

1.    This court has jurisdiction over the parties and subject matter of this case.

2.    Defendant Archie J. Pugh, Jr. ("Archie") is the sole proprietor of Archie's Tax and Accounting Services located at 136-17 Thurston Street, Jamaica, New York.  Archie and Theodore Pugh ("Theodore") both prepare federal tax returns at that location.

3.    Archie, a self-professed experienced federal income tax return preparer, has worked in the field of tax return preparation and accounting for more than 30 years and received a Certificate of Graduation from the National Tax Training School in 1989.

4.    The Internal Revenue Service ("IRS") has identified, from 2001 to 2004, 245 federal income tax returns prepared by Theodore and 267 prepared by Archie containing their respective social security numbers as the paid preparer.  In addition, Archie prepared 168 returns in 2003 using his electronic identification number, 261 returns in 2007 and 247 in 2008 using his social security number or his electronic identification

---

[1] The court has filed concurrently with this Order of Permanent Injunction, a Memorandum & Order, dated June 1, 2010, granting the Government's motion for summary judgment, seeking a permanent injunction pursuant to I.R.C. §§ 7402(a), 7407, and 7408.

number.  Theodore prepared 111 returns in 2007 using his social security number or his electronic identification number.

5.    From at least 1998, Archie and Theodore have been promoting and preparing federal income tax returns based on the so-called "claim of right" program.  As a part of this program, the Pughs advise, prepare, and assist in the preparation of all or a substantial portion of their clients' federal income tax returns, which claim frivolous "claim of right" deductions. Theodore Pugh charged customers for preparation of those returns.

6.    Further, as part of the scheme, the Pughs make numerous false or fraudulent statements to their clients, including:

   i.   that all compensation or earnings are deemed nontaxable;

  ii.   that their customers have a common law and constitutional right (under the Fourteenth Amendment to the United States Constitution) to exclude from taxation all compensation for personal services or labor rendered;

 iii.   that I.R.C. § 1341 codifies this so-called common law or constitutional right and entitles their customers to take a deduction in the amount of compensation

earned, which in most cases eliminates a participant's tax liability;

iv. that filing returns with the "claim of right" deduction would result in large refunds;

v. that such claims are legal; and

vi. that the defendants had won cases on this issue in court.

7. As part of the scheme, the Pughs have continuously and repeatedly falsified IRS Form 1040, Form 8275, and Schedule A on their clients' returns. A substantial portion of the Pughs' return preparation business is focused on preparing fraudulent returns that interfere with the administration of the internal revenue laws.

8. The Pughs' "claim of right" program is organized and marketed by the defendants through word-of-mouth and client referrals.

9. Since April 2003, the IRS has referred to the IRS Frivolous Return Program ("FRP") at least 92 frivolous filings of returns and claims prepared by Archie and Theodore and has identified at least 79 returns prepared by the Pughs for 45 customers claiming "unrestricted claim of right" deductions between 1998 and 2005. These 79 returns examined by the IRS deduct over $3.8 million in wage income from the taxpayers' adjusted gross income and claim over $500,000 in tax refunds on

the basis of the "claim of right" scheme. In some customers' individual federal income tax returns, the Pughs deducted wage income in amounts as high as $284,421, $112,732 and $107,465.

10. The IRS has made clear that there is no "claim of right" doctrine under I.R.C. § 1341 or any other statute that allows an individual to take the position espoused by the Pughs that neither the individual nor the individual's income is subject to federal income taxes. The Pughs' preparation of many of these "claim of right" returns was contemporaneous with 2004 and 2005 IRS Revenue Rulings and IRS annual consumer warnings that tax return preparers would face civil and criminal penalties for using or marketing the "claim of right."

11. Courts, too, have repeatedly rejected the argument that compensation for personal services is not subject to taxation, and have specifically rejected the so-called "claim of right" doctrine as lacking any basis in law.

12. The Pughs have persisted in preparing fraudulent returns for their clients, even after being informed by their clients that their "claim of right" tax returns were being audited and disallowed by the IRS, and continue to insist that the "claim of right" doctrine is legitimate under the law. Theodore has encouraged his clients to fight the IRS.

13. Although the Pughs admittedly advise and/or prepare tax returns with "claim of right" deductions on behalf of their

clients, they did not sign the returns as the paid preparers. Instead, the Pughs have their customers sign the tax returns, and either leave blank the "Paid Preparer's" signature block or type "SELF PREPARED" therein in order to conceal their identity as the preparers.

14.  The Pughs' efforts to conceal their involvement in the preparation of frivolous and fraudulent returns include, *inter alia*:

    i.  leaving blank the name of the preparer of their clients' tax returns;

    ii.  typing "SELF PREPARED" on the line of the tax return for the signature of the preparer;

    iii.  as to Theodore Pugh, requesting payment in cash and refusing to provide receipts for his tax preparation services, and advising his clients to mislead the Internal Revenue Service regarding his involvement in the preparation of their tax returns; and

    iv.  as to Archie Pugh, never claiming the "claim of right" deduction on his personal tax returns.

15.  Defendants' claims regarding the tax benefits associated with their "claim of right" program are false.  In addition, the tax returns defendants have prepared based on the "claim of right" tax-evasion scheme are fraudulent, and

significantly understate their customers' tax liability based on
this false, discredited concept.

16.     The "claim of right" scheme has never had any
realistic possibility of being sustained on the merits and the
Pughs either knew or reasonably should have known that the
"claim of right" position was frivolous, that the tax-fraud
scheme they promote is unlawful and that their statements to
customers about the scheme's tax benefits are false.  As a tax
return preparer, Theodore Pugh has repeatedly and continually
engaged in conduct subject to penalty under I.R.C. § 6694.

17.     The Pughs have repeatedly and continually failed to
sign or to furnish their identifying numbers as required by
federal regulations on many of the tax returns they prepared for
customers as the income tax return preparers, and have presented
no evidence that their failure to affix their signatures or
identifying numbers was due to reasonable cause and not due to
willful neglect.  As a paid tax return preparer, Theodore Pugh
has repeatedly and continually engaged in conduct subject to
penalty under I.R.C. § 6695(b) and (c).

18.     The Pughs have engaged in conduct subject to penalty
under I.R.C. § 6700 by organizing and promoting, and, as to
Theodore, selling, a plan or arrangement constituting an abusive
tax shelter in violation of I.R.C. § 6700, and making statements
pertaining to a material matter in connection with such plan or

arrangement, with respect to the allowability of deductions and the excludability of income from federal taxes, which the defendants knew or had reason to know were false or fraudulent.

19.   The Pughs have engaged in conduct subject to penalty under I.R.C. § 6701 by advising customers to take improper "claim of right" deductions and preparing or assisting in the filing of false or fraudulent income tax returns, knowing or having reason to know that their advice about the "claim of right" program and their involvement in the preparation of tax returns claiming fraudulent "claim of right" deductions would be used in connection with a material matter arising under the internal revenue laws and would result in an understatement of their customers' tax liabilities.

20.   As of March 6, 2009, Archie had prepared 51 federal tax returns in the year 2009 and Theodore had prepared 42 federal tax returns in the year 2009.  These returns were prepared in violation of this court's preliminary injunction, entered April 2, 2008, which enjoined the Pughs from, *inter alia*, acting as federal tax preparers and preparing or filing returns for anyone other than themselves.

21.   The Pughs' filing of frivolous "claim of right" tax returns on behalf of their clients, which understate their clients' income tax liabilities, has resulted and is likely to continue to result in the underpayment of taxes to the United

States Treasury.  It has also exposed the Pughs' clients to potential civil and criminal penalties, and the Pughs' clients have been forced to pay back to the Government their tax deficiencies, in addition to penalties, interest, and fees.

22.    The Government has incurred the burden and expense of investigating the defendants' tax preparation services, responding to and processing the frivolous documents that the Pughs have filed or caused to be filed with the IRS, as well as issuing and then recovering erroneous refunds.

23.    Absent a permanent injunction, the Pughs are likely to continue to defraud the United States Treasury by promoting and utilizing fraudulent tax deductions, schemes and plans and intentionally understating their customers' income tax liabilities, based on the discredited "claim of right" doctrine or other fraudulent tax-evasion scheme.

**CONCLUSIONS OF LAW**

**A. Injunctive Relief under I.R.C. § 7407**

1.    I.R.C. § 7407 authorizes the court to enjoin a federal tax return preparer from engaging in conduct subject to penalty under I.R.C. §§ 6694 or 6695 if the court finds that injunctive relief is appropriate.  Where a return preparer's conduct subjecting them to penalty under I.R.C. §§ 6694 or 6695 has been continual or repeated, the court may enjoin them from preparing any federal returns if the court finds that a more narrow

injunction prohibiting only specific misconduct would be insufficient to prevent further interference with the administration of the internal revenue laws. Because injunctions are expressly authorized by I.R.C. § 7407, the traditional requirements for equitable relief need not be met.

2.    The provisions of I.R.C. § 6694, 6695 and 7407 apply to any person who is "a tax return preparer." *See* I.R.C. §§ 6694, 6695, 7407(a). Theodore Pugh is considered an "income tax return preparer" under I.R.C. § 7701(a)(36)(B)(i) because he prepared all or a substantial portion of the fraudulent tax returns at issue and was compensated for his tax preparation services.

3.    At all relevant times, under I.R.C. § 6694(a), a preparer is subject to penalty for negligently understating a customer's tax liability due to unrealistic positions. Specifically, a tax return preparer is subject to penalty where: (1) the return contains an understatement of liability; (2) that understatement is "due to a position for which there was not a realistic possibility of being sustained on its merits"; and (3) the preparer knew or reasonably should have known that the position was either frivolous or was not disclosed pursuant to I.R.C. § 6662(d)(2)(B)(ii). I.R.C. § 6694(a).[2]

---

[2] I.R.C. § 6694 was amended by the Small Business and Work Opportunity Tax Act of 2007, P.L. 110-28, Title VIII, § 8246(a)(2)(F)(i), (b), effective for returns prepared after May 25, 2007 and again by the Tax Extenders and

4.   Here, the tax returns prepared by the Pughs contained
understatements of liabilities, as the Pughs deducted wage and
salary income from the adjusted gross income of at least 45
customers on 79 tax returns between 1998 and 2005, totaling over
$3.8 million in fraudulent deductions and over $500,000 in bogus
refund claims on the basis of the discredited "claim of right"
doctrine.

5.   Further, the frivolous "claim of right" scheme never
had any realistic possibility of being sustained on the merits,
and, as professional federal income tax preparers, the
defendants either knew or should have known that the position
was frivolous.  Federal courts, including the Second Circuit,
have repeatedly rejected the proposition that an individual's
income from W-2 wages or compensation for services rendered is
immune from federal income taxation, and the Pughs have not
identified any federal court that has held to the contrary.
Thus, the Government has proffered evidence sufficient to show
by a preponderance of the evidence that Theodore, as a tax
return preparer, engaged in conduct subject to penalty under
I.R.C. §6694(a).

6.   Under I.R.C. § 6694(b), a preparer is subject to
penalty for any willful attempt to understate the tax liability

Alternative Minimum Tax Relief Act of 2008, P.L. 110-343, Div. C, Title V,
§ 506(a), effective for returns prepared after October 3, 2008.  As the Pughs
are being sued for preparing returns prior to May 25, 2007, the court applies
the penalty standards in effect for returns prepared before May 25, 2007.

on a return or claim or any reckless or intentional disregard of rules or regulations.  Here, the Pughs deducted wages from income under the frivolous "claim of right" program and those understatements of tax liability were either willful or reckless, as evidenced by: 1) the Pughs' efforts to ensure that the IRS could not trace the tax returns with "claim of right" deductions to them, by refusing to sign the returns as the paid preparers and in some instances, typing "self-prepared" on the returns; 2) Theodore's request that his clients pay him in cash, his refusal to provide receipts for this services, his urging that his clients fight the IRS and advising his clients to mislead the Internal Revenue Service regarding his involvement in the preparation of tax returns; and 3) Archie's failure to claim the "claim of right" deduction on his personal tax returns.  Thus, the Government has proffered evidence sufficient to show by a preponderance of the evidence that Theodore, as a tax return preparer, engaged in conduct subject to penalty under I.R.C. § 6694(b).

     7.   I.R.C. § 6695(b) and (c) penalize a tax return preparer who fails to sign a return or to furnish an identifying number as required by federal regulations.  I.R.C. §§ 6695(b)-(c); I.R.C. § 6109(a)(4).  Here, although the Pughs prepared or assisted in the preparation of tax returns containing "claim of right" deductions, neither defendant signed those tax returns as

the tax return preparer nor furnished an identifying number on those returns that would secure his proper identification as the tax return preparer.  In fact, in some cases, the Pughs even typed "self-prepared" into the paid preparer's signature block. The defendants have presented no evidence that their failure to affix their signatures or identifying numbers was due to reasonable cause and not due to willful neglect.  As a tax return preparer, Theodore's failure to sign many of the tax returns he prepared for customers or to furnish an identifying number subjects him to penalty under I.R.C. §§ 6695(b) and (c).

8.    Because Theodore Pugh, as a tax return preparer, has continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695, a permanent injunction enjoining him from acting as a federal income tax preparer is appropriate under I.R.C. § 7407, as the character of his enjoinable conduct strongly suggests that a more narrow injunction will be unsuccessful in preventing interference with the Internal Revenue laws in the future.  For example, Theodore attempted to conceal his fraud, persisted in preparing fraudulent returns for his clients, even after being informed that his clients' "claim of right" tax returns were being audited and disallowed by the IRS, continues to insist that taxpayers' wages are not subject to the federal income tax, and violated this court's preliminary injunction.  Further, if Theodore continues to act as a tax

return preparer, he will have the opportunity to commit future violations. Finally, a significant portion of the Pughs' return preparation business is focused on preparing fraudulent returns that interfere with the administration of the internal revenue laws and Theodore's fraud is not limited to misuse of a single IRS form, or a single factual misrepresentation; he has continuously and repeatedly falsified IRS Form 1040, Form 8275, and Schedule A. Since a narrow injunction would not prevent Theodore's conduct, he is barred from preparing federal income tax returns under I.R.C. § 7407.

**B. Injunctive Relief under I.R.C. § 7408**

1. I.R.C. § 7408 authorizes a court to enjoin persons from engaging in conduct subject to penalty under, *inter alia*, I.R.C. §§ 6700 and 6701 if the court finds that: (1) the defendant has engaged in conduct subject to penalty under I.R.C. §§ 6700 and 6701; and (2) "injunctive relief is appropriate to prevent recurrence" of the violative conduct. I.R.C. §§ 7408 (b)-(c). Because injunctions are expressly authorized by I.R.C. § 7408, like I.R.C. § 7407, the traditional requirements for equitable relief need not be met.

2. To establish a violation of I.R.C. § 6700, the Government must prove by a preponderance of the evidence that: (1) the defendants organized or sold, or participated in the organization or sale of, an entity, plan, or arrangement; (2)

they made or caused to be made, false or fraudulent statements concerning the tax benefits to be derived from the entity, plan, or arrangement; (3) they knew or had reason to know that the statements were false or fraudulent; and (4) the false or fraudulent statements pertained to a material matter. I.R.C. § 6700. To obtain injunctive relief, the Government must additionally establish that an injunction is necessary to prevent recurrence of the conduct. I.R.C. § 7408(b).

3.    First, the Pughs have organized, and Theodore has sold, a plan or arrangement constituting an abusive tax shelter in violation of I.R.C. § 6700. The "claim of right" program is organized and marketed by the defendants through word-of-mouth and client referrals, and defendants assist customers in preparing false income tax returns based on the scheme.

4.    Second, the Pughs made false or fraudulent statements concerning the tax benefits of the "claim of right" doctrine, such as, *inter alia*, that their customers are entitled to take "claim of right" deductions on their federal income tax returns in the amount of compensation earned from personal services or labor based on I.R.C. § 1341, that filing returns with the "claim of right" deduction would result in large refunds, that such claims are legal and that the defendants had won cases on this issue in court.

5.    Third, defendants knew or had reason to know that the statements concerning the tax benefits of the "claim of right" doctrine were false or fraudulent, as defendants, who held themselves out as experienced professional federal income tax preparers and collectively prepared at least 680 federal income tax between the years 2001 and 2004 alone, should have known that their representations regarding the tax benefit of the "claim of right" doctrine were false because there is no statute, regulation, or case law which supports their position, and any investigation would have revealed as much.

6.    Fourth, these false and fraudulent statements pertain to a material matter, as they relate to the availability of tax deductions and would affect a reasonable person's decision-making process.  Thus, the Pughs have engaged in conduct subject to penalty under I.R.C. § 6700.

7.    I.R.C. § 6701 imposes a penalty upon any person who:

> (1) aids or assists in, procures, or advises with
> respect to, the preparation . . . of any portion
> of a return . . . ., (2) . . . knows (or has reason
> to believe) that such portion will be used in
> connection with any material matter arising under
> the internal revenue laws, and (3) . . . knows
> that such portion (if so used) would result in an
> understatement of the liability for tax of
> another person.

I.R.C. § 6701(a).  To obtain injunctive relief, the Government must additionally establish that an injunction is necessary to prevent recurrence of the conduct.  I.R.C. § 7408(b).

8.     As part of the "claim of right" program, defendants advised customers to take improper deductions and prepared, advised or assisted in filing false or fraudulent income tax returns.   As professional federal income tax return preparers, the Pughs had enough experience with the tax system to know or have reason to know that their advice about the "claim of right" program and their preparation of tax returns claiming fraudulent "claim of right" deductions would be used in connection with a material matter arising under the internal revenue laws and would result in an understatement of their customers' tax liabilities.   As such, the Pughs' conduct is subject to penalty under I.R.C. § 6701.

9.     A permanent injunction is appropriate and necessary to prevent future violations of I.R.C. §§ 6700 and 6701, as the Pughs have reason to know that their activities are illegal and, in fact, have engaged in a course of conduct to conceal their fraud, yet refuse to renounce the "claim of right" doctrine, and encourage clients to put into practice discredited theories of federal tax laws and to fight the IRS.   Further, the Pughs have heretofore shown resistance to following the law by violating the preliminary injunction prohibiting them from acting as federal income tax return preparers.   Moreover, the gravity of the harm caused by the offense is serious, as both the Government and the Pughs' clients are harmed, and the

defendants' occupations place them in a position where future violations are likely. Thus, the Pughs have engaged in conduct in violation of I.R.C. §§ 6700 and 6701, and injunctive relief under I.R.C. § 7408 is appropriate to prevent the recurrence of that conduct.

**C. Injunctive Relief under I.R.C. § 7402(a)**

1. I.R.C. § 7402(a) allows a court to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws" and the remedies it provides "are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce" the tax laws. I.R.C. § 7402(a).

2. The Pughs have interfered with the administration and enforcement of the internal revenue laws by promoting their "claim of right" program and filing frivolous tax returns on behalf of their customers, which understate their customers' income tax liabilities and fraudulently claim significant tax refunds, amounting to at least $500,000, and then attempting to distance themselves from their enjoinable conduct. This conduct defrauds the United States Treasury, undermines the integrity of the federal tax system and causes the expenditure of the Treasury's resources to investigate and collect taxes owed.

3. Some courts, including district courts in the Second Circuit, have applied traditional equity considerations when

determining whether injunctive relief pursuant to I.R.C.

§ 7402(a) is appropriate because I.R.C. § 7402(a) does not grant

specific injunctive relief.  In the Second Circuit, before a

permanent injunction will issue, "a plaintiff must succeed on

the merits . . .," *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir.

2006), and establish:

> (1) that it has suffered an irreparable injury; (2) that
> remedies available at law, such as monetary damages, are
> inadequate to compensate for that injury; (3) that,
> considering the balance of hardships between the plaintiff
> and the defendant, a remedy in equity is warranted; and (4)
> that the public interest would not be disserved by a
> permanent injunction.

*Salinger v. Colting*, --- F.3d ----, No. 09-CV-2878, 2010 WL

1729126, at *7 (2d Cir. Apr. 30, 2010) (quoting *eBay Inc. v.

MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

4.    The Government has succeeded in proving its claims on

the merits.  It has established that the defendants are

violating and interfering with the administration of the

Internal Revenue Code by advising clients about, and preparing

tax returns containing, "claim of right" deductions, and

specifically, has established that the Pughs have engaged in

conduct subject to penalty under I.R.C. §§ 6700, 6701, and

subject to a permanent injunction under I.R.C. § 7408, and that

Theodore Pugh has engaged in conduct subject to penalty under

I.R.C. §§ 6694, 6695, and subject to a permanent injunction

under I.R.C. § 7407.  The Government has further demonstrated

that many of the tax returns prepared by the Pughs are fraudulent on their face, that the defendants' tax-fraud scheme has been thoroughly discredited, that the Pughs have actively concealed their association with the fraudulent returns, and that Theodore has encouraged his clients to contest the IRS on frivolous grounds.

5.    The Government has suffered, and will continue to suffer, irreparable harm if a permanent injunction is not issued.  The Government has already lost, and will continue to lose, substantial revenue from the tax returns filed by the Pughs understating their customers' tax liability, as well as from the expenditure of time and resources investigating the Pughs' tax-fraud scheme, which was made even more difficult by the defendants' attempts to conceal their fraudulent activity. Additionally, the defendants' customers, who relied upon defendants' advice, had improper tax returns prepared in their name, did not pay their proper federal income taxes, and were liable for underpaid taxes, penalties, and interest.

6.    The remedies available at law are inadequate to compensate for that injury.  Given the Pughs' proven conduct of evasion and obfuscation regarding the fraudulent tax returns, the only way to prevent future harm to the Government and defendants' customers caused by the fraudulent "claim of right"

program is to enjoin the Pughs permanently from preparing tax returns.

7.    Further, the balance of hardships weighs in favor of the Government.  Although the Pughs will be denied the right to earn a livelihood preparing federal income tax returns, they have never enjoyed a right to profit from illegal conduct, and the harm to them is substantially outweighed by the harm that has been and will continue to be suffered by the Government and the Pughs' customers as a result of the fraudulent tax returns with which the Pughs have been or may become involved.

8.    The public interest will be served by a permanent injunction.  The defendants' activities undermine public confidence in the fairness of the federal tax system and advise, encourage and cause violations of the internal revenue laws. Furthermore, the permanent injunction will prevent taxpayers from having inaccurate, frivolous or fraudulent returns filed in their name that would subject them to liability for overdue taxes, penalties and interest.

9.    A permanent injunction under I.R.C. § 7402(a) barring the Pughs from acting as federal income tax preparers is therefore necessary and appropriate in order to prevent both Theodore and Archie Pugh from continuing to interfere with the administration and enforcement of the Internal Revenue laws. Accordingly, pursuant to I.R.C. § 7402(a), the court permanently

enjoins Archie and Theodore Pugh from acting as tax return preparers.

Based on the foregoing factual findings and for good cause shown, entry of a permanent injunction is appropriate. Therefore, it is hereby **ORDERED**:

A.   That pursuant to I.R.C. §§ 7402(a) and 7408, Archie J. Pugh, Jr. and Theodore Pugh, individually and doing business as Archie's Tax and Accounting Service, and anyone acting in concert with them, are permanently enjoined from:

1.   organizing, promoting, marketing, or selling any tax shelter, plan or arrangement that advises or incites customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

2.   making false or fraudulent statements about the securing of any tax benefit by the reason of participating in any tax plan or arrangement;

3.   encouraging, instructing, advising and assisting others to violate the tax laws, including to evade the payment of taxes;

4.   acting as federal income tax return preparers, or preparing or providing or filing federal income tax returns for anyone other than themselves;

5.   assisting or advising anyone in connection with preparing or filing a federal income tax return;

6.   engaging in conduct subject to penalty under I.R.C. §§ 6700 or 6701; and

7.   engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws and from promoting any false tax scheme.

B.   That pursuant to I.R.C. § 7407, Theodore Pugh individually and doing business as Archie's Tax Service, and anyone acting in concert with him, is permanently enjoined from:

1.   engaging in conduct subject to penalty under I.R.C. §§ 6694 or 6695;

2.   acting as a federal income tax return preparer, or preparing or providing or filing federal income tax returns for anyone other than himself; and

3.   assisting or advising anyone in connection with preparing or filing a federal income tax return.

C.   That the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction.

The Clerk of the Court is respectfully requested to enter judgment accordingly. The court will retain jurisdiction to ensure compliance with this court's Order of Permanent Injunction.


Dated: June 1, 2010
       Brooklyn, New York

                                  _____  /s/_____ _____
                                  KIYO A. MATSUMOTO
                                  United States District Judge
                                  Eastern District of New York